IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td>UNITED STATES OF AMERCIA<br>For the Use of<br>BIRCKHEAD ELECTRIC, INC.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-13-2498</td></tr>
<tr><td>JAMES W. ANCEL, INC., <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Birckhead Electric, Inc. ("Birckhead Electric") sued James W. Ancel, Inc. ("JWA") and Hartford Accident & Indemnity Company ("Hartford"), (collectively "the Defendants") under the Miller Act[1] and for breach of contract.  Pending are the Defendants' motion to dismiss for lack of jurisdiction, or in the alternative, to stay pending arbitration, and the Plaintiff's motion to file a surreply.  For the following reasons, the Defendants' motion to dismiss, or in the alternative, stay pending arbitration will be denied.  The Plaintiff's motion to file a surreply will also be denied.

---

[1] 40 U.S.C. § 3131 *et seq.*

I.    Background[2]

On or about July 9, 2010, Birckhead Electric entered into a subcontract agreement with JWA for the installation of electrical systems at the Baltimore Army Reserve Center in Baltimore, Maryland ("the Project"). ECF No. 1 ¶ 5. JWA was the general contractor on the project. *Id.* ¶ 6. The agreement between Birckhead Electric and JWA contained an arbitration clause, which provides in relevant part that:

> All disputes between the Contractor and Subcontractor, not involving the Owner's acts, omissions or responsibilities shall, at the Contractor's sole option, be resolved by arbitration in accordance with the rules of the American Arbitration Association. Subcontractor agrees that any such arbitration proceedings shall, at the Contractor's sole option, be consolidated with any arbitration proceedings between the Contractor and any other party. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof. Any such award shall also be binding and enforceable against any persons, surety and/or bonding company, which guarantees the performance by the Subcontractor of this Agreement in any manner.

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

ECF No. 1, Ex. 1 § 17.   JWA obtained a payment bond for the Project with Hartford as surety.   ECF No. 1 ¶ 7.   Birckhead Electric "provided all the labor and materials required" by the contract; however, JWA did not pay "the total sum owed for the labor and materials provided."   *Id.* ¶¶ 8, 9.   Birckhead Electric last provided labor and materials on the Project on December 7, 2012.   *Id.* ¶ 10.

On August 27, 2013, Birckhead Electric sued the Defendants for breach of contract and for violations of the Miller Act. *See* ECF No. 1.   On September 27, 2013, the Defendants moved to dismiss for lack of jurisdiction, or alternatively, to stay pending arbitration.   ECF No. 7.   On October 14, 2013, Birckhead Electric opposed the motion.   ECF No. 13.   On October 16, 2013, the Defendants replied.   ECF No. 14.   On October 24, 2013, Birckhead Electric moved for leave to file a surreply.   ECF No. 15.

II.   Analysis

A.   The Defendants' Motion to Dismiss or Stay

The Defendants argue that the Court should dismiss, or alternatively, stay this case pending the outcome of mandatory arbitration.   *See* ECF No. 7 at 1.   The Plaintiff contends that the arbitration clause is unenforceable because it lacks mutual consideration.   *See* ECF No. 13 at 3.

The Federal Arbitration Act ("FAA") is "a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the FAA, a district court must stay judicial proceedings involving issues covered by arbitration agreements upon a motion by any party. *See* 9 U.S.C. § 3. However, dismissal is proper "when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

The FAA makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, the arbitration agreement must be valid and enforceable as determined by state law. *See Noohi v. Toll Bros., Inc.*, 708 F.3d 559, 607 (4th Cir. 2013); *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 699 (4th Cir. 2012). Under Maryland law, to be binding and enforceable, an arbitration agreement must be a valid contract supported by consideration. *See Cheek v. United Healthcare of Mid-Atlantic, Inc.*, 378 Md. 139, 147 (Md. 2003). In determining whether the arbitration agreement is a valid contract, the Court may only consider the language of the arbitration provision itself. *See*

4

*Cheek*, 378 Md. at 153-59; *Noohi*, 708 F.3d at 607-09; *Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005).  An arbitration provision that binds only one party lacks mutual consideration, and thus, is unenforceable.  *See Cheek*, 378 Md. at 161.

Here, the arbitration agreement is not supported by mutual consideration.  The language of the provision unambiguously obligates Birckhead Electric to arbitrate all claims at the sole discretion of JWA:

> All disputes between the Contractor and Subcontractor, not involving the Owner's acts, omissions or responsibilities shall, *at the Contractor's sole option*, be resolved by arbitration in accordance with the rules of the American Arbitration Association. Subcontractor agrees that any such arbitration proceedings shall, *at the Contractor's sole option*, be consolidated with any arbitration proceedings between the Contractor and any other party.

ECF No. 1, Ex. 1 § 17 (emphasis added).  The provision does not create an obligation for JWA as the contractor.  Because the arbitration agreement is not supported by mutual consideration, it is invalid.[3]

---

[3] *See Cheek*, 378 Md. at 161 (arbitration agreement was unenforceable for lack of consideration when it bound one party to arbitrate and allowed the other sole discretion to modify, alter, amend or revoke arbitration for any reason); *Noohi*, 708 F.3d at 611 (arbitration provision lacked consideration when it unambiguously bound only the buyer); *Raglani v. Ripken Prof'l Baseball*, 939 F. Supp. 2d 517, 523 (D. Md. 2013) (holding an arbitration provision invalid when it was unambiguously one-sided by binding employees to arbitration but remaining silent to the employer's obligations).

The Defendants argue that *Noohi* and *Cheek* are distinguishable because their contracts involved parties in weaker bargaining positions, such as an employee or consumer. *See* ECF No. 14 at 1. The Defendants rely on *Questar Homes of Avalon, LLC, v. Pillar Construction, Inc.*, 388 Md. 675 (Md. 2005), in arguing that a unilateral arbitration clause provides mutual consideration in the context of a bargained-for commercial contract. *See* ECF No. 14 at 4. However, the Maryland Court of Appeals in *Questar* held that the trial court erred in staying all litigation pending arbitration when some third-party defendants had no right to arbitration or had waived their rights. *See Questar*, 388 Md. at 688. The court explicitly did not address the validity of any unilateral rights to arbitrate between Questar and third-party defendants. *See Questar*, 388 Md. at 686 n.6 ("We do not address the validity of the unilateral right to arbitrate.") (*citing Cheek*, 378 Md. 139). *Questar* does not support the Defendants' argument that arbitration agreements in commercial contracts should be treated differently. All contracts must be supported by mutual consideration to be valid. *See Cheek*, 378 Md. at 147048 ("Without a binding obligation, sufficient consideration does not exist to support a legally enforceable agreement."). Because the arbitration provision in this case binds only one

party, it is unenforceable.[4]  Accordingly, the Defendants' motion
to dismiss or stay pending arbitration will be denied.

    B.   The Plaintiff's Motion for Leave to File a Surreply

The Plaintiff moves for leave to file a surrpely "for the
limited purpose of addressing what appears to be an
unintentional error in Defendants' citation" to the holding in
*Questar*.  ECF No. 15 at 1.  The Plaintiff argues that "a proper
recitation" of the holding and rational "is necessary to clarify
any ambiguity" cause by the Defendants' use of *Questar*.  *Id*.

Unless otherwise ordered by the Court, a party may not file
a surreply.  Local Rule 105.2(a) (D. Md. 2012).  Leave to file a
surreply may be granted when the movant otherwise would be
unable to contest matters presented in the opposing party's
reply.  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md.
2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

The Defendants did not raise a new matter that the
Plaintiff is unable to contest.  The Plaintiff first raised the
argument that the arbitration clause is unenforceable in its
opposition.  *See* ECF No. 13 at 2-3.  The Defendants referenced
*Questar* in support of their argument that the clause is
enforceable.  *See* ECF No. 14 at 4-6.  The Plaintiff's desire to
interpret a case introduced by the Defendants in their Reply is

---

[4] *See Cheek*, 378 Md. at 161.

an insufficient ground for a surreply.  Accordingly, the Plaintiff's motion for leave to file a surreply will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss, or in the alternative, stay pending arbitration will be denied.  The Plaintiff's motion to file a surreply will also be denied.

_____6/5/14_____
Date

_____
William D. Quarles, Jr.
United States District Judge